IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BEIJING SINOTAU MEDICAL RESEARCH CO., LTD., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 17-110-LPS-MPT |
| | : | |
| NAVIDEA BIOPHARMACEUTICALS, INC. and CARDINAL HEALTH 414, LLC, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Defendants' Joint Motion to Stay. (D.I. 22) ("Motion") For the reasons stated below, Defendants' Motion is **GRANTED**.

On February 1, 2017, Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") sued Plaintiff Beijing Sinotau Medical Research Co., Ltd. ("Sinotau") in the United States District Court for the Southern District of Ohio ("S.D. Ohio"). The next day, on February 2, 2017, Sinotau filed the instant action against Navidea and co-Defendant Cardinal Health 414, LLC ("Cardinal"). On that same day, February 2, Sinotau filed a motion for temporary restraining order and preliminary injunction, which remains pending.

On February 18, Navidea and Cardinal jointly filed their Motion to stay. Sinotau filed its brief in opposition to the Motion on February 22. On February 28, the Court received status reports from the parties.

The Court agrees with Defendants that this action should be stayed in light of the "first-filed" rule, which provides that "in all cases of federal concurrent jurisdiction, the court which

1

first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988).

Here, it cannot be disputed that the S.D. Ohio action was filed before the instant action was filed in this Court. (*See, e.g.*, D.I. 32 at 2 (Sinotau: "One day before Sinotau filed its Complaint in this Court, on February 1, 2017, Navidea filed a similar lawsuit in the Southern District of Ohio against Sinotau . . . .")). Both actions relate to the same Asset Purchase Agreement ("APA") between Navidea and Cardinal as well as the same Exclusive Licensing and Distribution Agreement ("China Agreement") relating to Sinotau and Navidea. As Defendants put it, "the Ohio Action and this action involve the same exact ultimate issue – whether Sinotau (a Chinese company) should be able to stop Navidea and Cardinal Health (who are both headquartered in Ohio) from closing a transaction that was negotiated and executed in Ohio." (D.I. 33 at 1)

Sinotau has failed to demonstrate that the "rare or extraordinary circumstances" under which the Court should decline to follow the first-filed rule are existent here. *Univ. of Pa.*, 850 F.2d at 972. Sinotau's contention that the Court should not apply the first-filed rule because the S.D. Ohio action is an anticipatory suit filed in bad faith is unpersuasive. As of February 1, 2017, Navidea was not in receipt of specific, concrete details of the action Sinotau prepared to file here. *See, e.g., Woodbolt Distribution, LLC v. Natural Alts. Int'l, Inc.*, 2013 WL 247041, at *4 (D. Del. Jan. 23, 2013); *see also TSMC Tech., Inc. v. Zond, LLC*, 2014 WL 7251188, at *8 (D.

Del. Dec. 19, 2014) (stating that even if first-filed suit is anticipatory that may not be, "in and of itself, . . . a sufficient basis to deviate from the first-filed rule") (internal citation omitted).

An additional note is in order. While the Court is not at this time making a decision on the merits of the motion for a temporary restraining order and preliminary injunction, it appears from Sinotau's status report that the relief it seeks from this Court vividly illustrates the necessity for application of the first-filed rule. Sinotau suggests that the presiding judge in S.D. Ohio is violating Federal Rule of Civil Procedure 65 by extending a temporary restraining order multiple times and complains that, in the absence of action from this Court, "the APA is certain to close with no Court evaluating the factors for injunctive relief, including likelihood of success on the merits." (D.I. 32 at 5) These are issues that should be addressed (if at all) to one, and only one, district court at a time, and here it is plain that the appropriate district court in which to raise such concerns is S.D. Ohio, which first had possession of the disputes between the parties.

Accordingly, **IT IS HEREBY ORDERED** that: (1) Defendants' Motion to Stay (D.I. 22) is **GRANTED**, and (2) the parties shall file a joint status report no later than **March 15, 2017**.

March 1, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

3