# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEIJING SINOTAU MEDICAL RESEARCH CO., LTD., | : |
| Plaintiff, | : |
| v. | : C.A. No. 17-110-LPS-MPT |
| NAVIDEA BIOPHARMACEUTICALS, INC. and CARDINAL HEALTH 414, LLC, | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

Pending before the Court is Defendants' Joint Motion to Transfer. (D.I. 49) ("Motion") For the reasons stated below, Defendants' Motion is **GRANTED**.

On February 1, 2017, Defendant Navidea Biopharmaceuticals, Inc. ("Navidea") sued Plaintiff Beijing Sinotau Medical Research Co., Ltd. ("Sinotau") in the United States District Court for the Southern District of Ohio ("S.D. Ohio"). The next day, on February 2, 2017, Sinotau filed the instant action against Navidea and co-Defendant Cardinal Health 414, LLC ("Cardinal"). On that same day, February 2, Sinotau filed a motion for temporary restraining order and preliminary injunction.

On February 18, Navidea and Cardinal jointly filed a motion to stay. After expedited briefing, on March 1 the Court granted the motion to stay. (D.I. 36) The Court held that this action should be stayed in light of the "first-filed" rule.

Thereafter, the Court received a status report and held a status teleconference with the parties. (*See* D.I. 39, 47) Having expressed its view that the case should not be stayed

1

indefinitely (*see* D.I. 47 at 3, 7), and that the Court would likely have to decide whether to dismiss or transfer this case, the Court granted leave for Defendants to file a motion to transfer. (D.I. 48) Pursuant to the Court's letter briefing procedures, the parties briefed the pending Motion between June 9 and 16. (*See* D.I. 50, 52, 53)[1]

Having reviewed the parties' submissions, the Court agrees with Defendants that this case should be transferred to the United States District Court for the Southern District of Ohio, where the first-filed action remains pending. *See generally* 28 U.S.C. § 1404(a); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). Given the applicability of the first-filed rule, and the totality of the circumstances, Defendants have met their burden to show that Plaintiff's choice of Delaware as a forum for litigating this action is not decisive. To the contrary, the equities strongly favor transfer. The extensive familiarity of the assigned judge in S.D. Ohio, along with the fact that S.D. Ohio obtained jurisdiction over the parties' dispute before this Court, are substantial practical considerations favoring transfer. The S.D. Ohio action is further advanced than this case – it includes the filing of an amended complaint. Plaintiff's claims arose in Ohio, and Ohio appears to be a more convenient forum than Delaware.

The pendency of Plaintiff's (recently fully-briefed) motion to dismiss the S.D. Ohio action does not alter the Court's conclusion. It appears that the assigned judge has already preliminarily rejected Plaintiff's jurisdictional argument. (*See* D.I. 53 at 1) (citing S.D. Ohio TRO decision) In any event, the mere possibility that Plaintiff may ultimately persuade the S.D.

---

[1] The Court was scheduled to hear oral argument by telephonic conference on June 23, a hearing that had been on the calendar since May 22. (*See* D.I. 48) On June 23, the day of the long-scheduled call, counsel for Plaintiff sought a continuance, based on counsel's overseas travel. (*See* D.I. 55) The Court has determined that oral argument is not required in order to decide the Motion.

2

Ohio Court that it lacks jurisdiction is not reason enough, in the totality of circumstances, to warrant this Court indefinitely staying the instant action.

In sum, the Court agrees with Defendants' overall assessment:

> [Plaintiff] cannot dispute that: (i) the Southern District of Ohio is a proper venue for the instant action; (ii) the Defendants are headquartered in Ohio; (iii) [Plaintiff's] claims arose in Ohio; (iv) the present of the related, first-filed action in Ohio weighs in favor of transfer; and (v) Judge Marbley [of S.D. Ohio] has gained significant knowledge of the facts and issues underlying both cases based on his review of the parties' briefing on a temporary restraining order, his review of the parties' contracts, and his management of extensive settlement negotiations between the parties.

(D.I. 53 at 2)

Accordingly, **IT IS HEREBY ORDERED** that: (1) Defendants' Joint Motion to Transfer (D.I. 49) is **GRANTED**; (2) the motion for temporary restraining order and preliminary injunction (D.I. 4) is **DENIED AS MOOT**; and (3) the Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Southern District of Ohio.

June 26, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT